MILLER RUBBER COMPANY *v.* KING.

Opinion delivered January 31, 1921.

1.  SALES—RIGHT TO CANCEL ORDERS.—Although a contract between an automobile tire concern and a local dealer provided that the former might refuse credit at its option, this would not justify it in declining to ship tires where it had accepted an order and agreed to ship them.

2.  TRIAL—QUESTION FOR JURY.—Where the evidence on an issue was conflicting, it was not error to refuse to direct a verdict for the plaintiff.

3.  SALES—BREACH OF CONTRACT—INSTRUCTION.—In an action by the seller of automobile tires to recover a balance due, in which the buyer filed a counterclaim asking for damages for failure to fill an accepted order for tires, instructions embodying the idea that the seller could arbitrarily refuse to ship an order after accepting it *held* properly refused.

4.  TRIAL—INSTRUCTIONS CONSIDERED AS A WHOLE.—If the various instructions separately present every phase of the law applicable to the case as a harmonious whole, there is no error in each instruction failing to carry qualifications which are explained in others.

5.  SALES—LOSS OF PROFITS—INSTRUCTION.—In an action for a balance due on a sale of tires, wherein the buyer counterclaimed damages for failure to ship tires ordered, an instruction that the

buyer could not recover any loss of profits as damages was properly refused, the evidence showing that the buyer had an established business with a ready sale for such products.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*; Judge; affirmed.

*Richard M. Mann,* for appellant.

1. The court erred in refusing to give appellants peremptory instruction on the counterclaim of appellee. The appellant clearly had the right to decline to ship this order of May 5, and it was error to refuse appellant's instruction No. 4.

2. The court erred in giving defendant's instruction No. 1. It was peremptory and excluded two issues, (1) the right to fix the credit limit, and (2) the refusal of payment by appellee of his past due account, which was submitted in appellant's instruction No. 6. Instructions which exclude or ignore issues are erroneous. 82 Ark. 424; 95 *Id.* 108; 108 *Id.* 171; 77 *Id.* 201. For the same reasons it was error to give appellee's instructions 2, 3 and 4.

3. The court erred in refusing papellant's request for instruction 3. It should have been given. 113 Ark. 556.

4. The court should have given appellant's instructions Nos. 4 and 5.

5. The verdict is contrary to the law and the evidence.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. There is no error in the instructions. 100 Ark. 107-119. See, also, 74 Ark. 377; 87 *Id.* 396; 88 *Id.* 433; 93 *Id.* 573.

2. Only general objections were made to each of the instructions, and counsel did not ask for a modification. 93 Ark. 564.

3. There was no error in refusing No. 3. 69 Ark. 219; 111 *Id.* 474-484. There is no error. The verdict on the counterclaim is amply supported by the evidence.

HUMPHREYS, J. Appellant instituted suit against appellees in the Pulaski Circuit Court to recover $936.32, an alleged balance due for automobile tires sold by it to E. M. King, Jr., the payment of which was guaranteed by E. M. King, Sr.

Appellee E. M. King, Jr., filed answer, admitting the indebtedness, but, by way of counterclaim, pleaded damages in the sum of $721.77 on account of the failure of appellant to ship him automobile tires ordered on the 5th day of May, 1919, under the terms of the contract entered into by and between appellant and him on the 30th day of September, 1918, for which he was entitled to a credit, leaving a balance of $214.55 due appellant. He tendered that amount.

Appellant filed a reply to the counterclaim, denying any obligation on its part to ship the tires ordered by said appellee on May 5, 1919, or that said appellee was damaged in the sum of $721.77, or in any sum by reason of its failure to make the shipment of tires.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment in favor of appellee on his counterclaim, from which judgment an appeal has been duly prosecuted to this court.

The contract made the basis of the suit provided for the sale by appellant to appellee E. M. King, Jr., of Miller pneumatic automobile tires on the basis of trade discounts from current Miller consumers' lists. The second paragraph of the contract is as follows:

"Terms of payment are 5 per cent., 10 days, net, 30 days; it being understood, however, that party of the first part may refuse such terms at its option, if, in its opinion, the financial responsibility of the party of the second part is impaired, or, for any other reason such action is deemed advisable."

It was also provided in the contract that either party might terminate it at any time upon thirty days' notice. Pursuant to the right to terminate the contract, appellant gave appellee E. M. King, Jr., notice on the 10th day of May, 1919, that it would cancel the contract on June 10 thereafter. On May 5 antedating the notice, said appellee made an order through appellant's Memphis house by 'phone for a shipment of tires amounting to $1,824.73, according to the evidence of said appellee, and $2,100, according to the evidence of appellant. According to the evidence of appellee, appellant accepted and agreed to fill the order, and no refusal was made to ship under the terms specified in the contract nor on account of it being in excess of any credit limit or on account of any failure to pay amounts due on orders previously made. According to the evidence of appellant, Mr. Elkins, its manager, took the order down and told said appellee that he would see about it; that some days later he informed said appellee that if he would pay his past due account of $2,441.97 the order would be filled; that, on May 12, said appellee made payment and reduced the account, together with rebates to which he was entitled, to $936.32; that he did not pay the entire account, and, for that reason, the order made on May 5 was not shipped. When the contract was entered into and for some months thereafter, Mr. King's territory was under the appellant's Oklahoma branch house, but, in February, 1919, it was transferred to appellant's Memphis branch house. During the fall of 1918, appellant placed a credit limit of $500 upon said appellee. Appellee thereafter executed to appellant a guarantee, signed by E. M. King, Sr., by which he guaranteed the payment of any account to appellant not exceeding $3,000. Appellant's testimony tends to show that appellant fixed said appellee's credit limit at $2,500, but the evidence fails to disclose that any notice of the credit limit was given to, or understood by, said appellee. During the period the credit limit was fixed at $500, the parties, in their transactions, did not adhere to it and the books show that the credit extended

on two occasions was about $3,000.   The evidence on behalf of appellee tended to show  that,  had  appellant shipped the tires ordered on May 5, 1919, he could have sold them at a profit of $721.77 in the course of his regular business and without incurring any additional expense.

Appellant insists that the court committed reversible error in refusing to give its peremptory instruction on appellee's counterclaim, on the ground that it had a right to fix a credit limit and refuse to ship an order in excess of such limit.   We think section 2 of the contract, heretofore set out, invested  the  right  in  appellant to place a credit limit upon appellee for any reason deemed advisable, upon notice to appellee, before or at the time an order for tires was made; but it would, notwithstanding, be bound to ship an order which it accepted and agreed to ship under the original terms specified in the contract.   The evidence of appellee tended to show that appellant accepted and agreed to fill the order on May 5, 1919, unconditionally.   Appellant's  evidence tended  to show the contrary.   Thus an issue was presented for determination by the jury, and it was not error to refuse to give appellant's peremptory request.   Appellee requested and the court gave instruction No. 2, which correctly stated the law upon this issue.   The instruction is as follows:

"You are instructed that, under that portion of the contract relating to terms of payment, plaintiff could not refuse to sell and ship automobile tires to the defendant during the term of the contract, but it only authorized plaintiff to refuse the terms of payment set forth in the contract and suggest other terms of payment, and, until plaintiff specifically refused the terms of payment set forth in the contract, defendant was justified in considering those terms of payment still in force and acting accordingly."

Appellants made two requests, 4 and 5, touching upon the same issue, which were refused.   They are as follows:

"(4) The plaintiff in this case had the right to fix a reasonable credit limit to be extended to the defendant, and if you find in this case that such credit limit was fixed by the plaintiff at $2,500 and that the order which was made by the defendant exceeded this credit limit, the plaintiff was not required to ship the order, and your verdict will be for the plaintiff on the issue.

"(5) If you find in this case that a guarantee agreement was made by E. M. King, Sr., father of the defendant, limiting the amount of the guaranty to $3,000, and that the order placed by Mr. King, involved in this case, plus the amount he owed at the time, exceeded the sum of $3,000, the plaintiff was not required to ship it, and your verdict will be for the defendant."

These instructions were properly refused because erroneous in embodying the idea that appellant could arbitrarily refuse to ship the order after accepting it under the terms specified in the contract.

It is next insisted that the court erred in giving said appellee's instructions 1, 2, 3 and 4, because they excluded, first, appellant's right to fix a credit limit; second, the right to refuse to make the shipment because said appellee had failed to pay his past due account.

(1) As above stated, the evidence did not warrant the submission of appellant's theory that it had the arbitrary right to fix a credit limit, without notice to appellee, and refuse to ship an order after having accepted and agreed to fill it under the terms specified in the contract.

(2) It is true the instructions objected to did not include appellant's theory that it had a right to refuse to ship goods until said appellee should pay his past due account; but that theory of appellant's was incorporated in a separate instruction asked by it, which is as follows:

"(6) If you find in this case that the Miller Rubber Company seasonably offered to the defendant, E. M. King, Jr., to ship the order of May 5 if he would pay his past due account, and the Miller Rubber Company would have shipped the order to the defendant had he

paid his account, and he refused or failed to do so, the defendant can not recover and your verdict will be for the plaintiff, Miller Rubber Company, on the counter-claim.''

When that instruction is read in connection with the other instructions, it can not be said that appellant's theory in that regard was excluded from the jury. This court is committed to the doctrine that "if the various instructions separately present every phase of the law applicable to the case as a harmonious whole, there is no error in each instruction failing to carry qualifications which are explained in others." *St. L., I. M. & S. Ry. Co.* v. *Baker,* 67 Ark. 531; *St. L. S. W. Ry. Co.* v. *Graham,* 83 Ark. 61; *St. L., I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564; *St. L., I. M. & S. Ry. Co.* v. *Brown,* 100 Ark. 107.

Appellant insists that the court erred in refusing to give appellant's instruction No. 3, which is as follows: "The defendant in this case claims that the plaintiff failed to ship him the order for tires and tubes, and that, by reason of the failure on the part of the plaintiff to ship this order, he sustained damage in the loss of profits he would have made on the resale of these tires and tubes in his business. The court instructs you that the defendant can not recover any loss of profits as damages, where such profits, if any, are remotely connected with the alleged breach of contract or where they are specula-tive, resting only upon conjectural evidence or the opin-ion of parties or witnesses." Appellant argues the ne-cessity for this instruction on the ground that the evi-dence of said appellee with reference to the profits was conjectural and only the expression of an individual opinion. The evidence shows that said appellee had an establishing business, and that there was at the time of making the order a ready sale for automobile tires of the character ordered, at current prices. Our interpreta-tion of the evidence is that the profits to be made upon the order were in no sense speculative, but could be, and were, estimated with reasonable certainty.

The last contention is that the jury awarded said appellee, upon his cross-bill, gross profits, instead of deducting the necessary expense therefrom for selling the tires at retail. There was evidence tending to show that appellee was in a situation to sell the tires without any extra expense. The court instructed the jury to deduct from the gross profit the necessary expense of selling the tires at retail. The question, then, of expense was submitted to the jury, and it found against appellant on the issue.

No error appearing, the judgment is affirmed.